Charles B. Brasser, J.
The plaintiff maintains a wholesale hardware distributing store and warehouse at 250 North Street in Rochester, New York. It has seven employees. Three of the employees, prior to the institution of the current action for a permanent injunction, signed separate applications for membership in the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America and filed the same with the agent for the local union. Subsequent thereto, and on March 19, 1957, a business representative of the union called upon the president of the plaintiff and presented a proposed collective bargaining agreement which he requested the plaintiff to execute. The representative was informed that the agreement would be executed only if the warehouse employees so requested. The representative returned on March 26 and was informed that the corporation declined to execute the contract inasmuch as the employees did not wish to be represented by the defendant union. There has been no strike, and it appears that none is contemplated.
On the following day pickets were placed in front of the store of the plaintiff and on the next day the warehouse in the rear •of the store was picketed. The picket lines were maintained until March 30 when the pickets were served with the summons and complaint herein together with an order to show cause containing a temporary restraining order signed by Mr. Justice O ’Mara. On April 1, copies of these papers were served on the secretary-treasurer of the defendant union.
This application is for an injunction pendente lite. It appears from the moving papers, and this is not disputed, that the plaintiff sustained a daily loss in gross sales of $2,000 while the picket line was continued. It does not appear that the application of the three employees for membership in the Teamsters Union has been accepted or that they have been elected to *1022 membership. There are attached to the plaintiff’s memorandum papers affidavits of the three employees to the effect, among other things, that each of them does not now want to become a member of the union and has decided not to join; that although they paid the $5 fee, they notified the business representative that they decided against affiliating with the union; that they do not want to be forced to join the union and desire to continue their present employment status with the plaintiff without union representation; that plaintiff did “not exert any pressure ” or “ influence ” their decision not to join the union and that the presence of the pickets was solely for the purpose of compelling the plaintiff to sign a contract with the union against the employees’ wishes.
It further appears by plaintiff’s moving papers that on April 5, 1957, plaintiff’s attorneys received, pursuant to plaintiff’s petition for investigation, a notice from the regional office of the New York State Labor Relations Board of an informal conference to be held at the court house in Rochester on April 12, 1957, to assist the board in ascertaining “ the positions ” of all parties in the matter.
A careful examination of the papers submitted by the opposing litigants, and of the law applicable to the issues raised, convinces this court that the picketing was not organizational and therefore does not fall within the provisions of section 876-a of the Civil Practice Act. On the contrary, it clearly appears from the facts as found that the purpose of the picket lines was to compel the plaintiff to require its employees to choose their own collective bargaining representative. (See Goodwins Inc. v. Hagedorn, 303 N. Y. 300.)
There is no issue that the picketing was not peaceful and no suggestion of force or violence is made by the plaintiff. The conclusion that the picketing was to compel recognition of the bargaining agent is fortified by the fact that the picketing was not commenced until the plaintiff refused to sign the bargaining-agreement and after the business representative had been informed by one of the employee applicants that he and his coemployees had changed their mind and did not desire to join the union. That the picketing line was maintained to compel recognition of the bargaining agent is further strengthened by the wording on the pickets’ sign' that “Van Dussen Co., Inc. refuses to bargain with Teamsters Local 118.”
Under no interpretation of the facts can this controversy be construed to constitute a “ labor dispute” within the purview of section 876-a of the Civil Practice Act.
*1023 The picketing by the union has the tortious objective of coercing plaintiff to commit an unlawful act — that of interfering with the right of its employees to choose their own collective bargaining representative.
Such picketing has worked a substantial injury to plaintiff. There is no evidence that a temporary injunction against picketing will, on the other hand, substantially damage the defendant union.
The real purpose of the picket line is clear from the attempts of defendant union to have plaintiff sign a contract and the subsequent establishment of the picket line.
Until the issues raised by the pleadings are determined, plaintiff must be protected from further economic loss and interference with its business activities.
The relief sought is granted.
Submit order granting relief as set forth in the order to show cause herein, during the pendency of this action.